COMMONWEALTH *v*. G. W. WAINSCOTT.

**Criminal Law—Indictment.**
    A defendant cannot be required to plead to an indictment not indorsed "a true bill" and signed as prescribed by § 118 of the Code.

**Indorsements on Indictment.**
    The names of witnesses are required to be indorsed on an indictment, but where this is not done before the return by the grand jury, it may be done by the commonwealth's attorney after that time.

APPEAL FROM OWEN CIRCUIT COURT.

September 5, 1876.

OPINION BY JUDGE COFER:

There can be no indictment without the indorsement and signature required by Code, Sec. 118. That is the evidence, and the only evidence, that the indictment has been found by the grand jury to be a true bill and cannot be dispensed with; and if a writing purporting to be an indictment has no such indorsement upon it, the defendant cannot be required either to plead or move to set it aside. He may stand mute, disregarding it altogether.

Not so, however, of the requirement of Sec. 119. The indictment and the evidence that it has been found "a true bill" are complete without the names of the witnesses on whose testimony it was found. The names of the witnesses should be indorsed, and when the proper steps are taken by the defendant they must be indorsed. But the statute does not say when or by whom the indorsement is to be made. The names of the witnesses are required to be indorsed in order to enable the defendant to see upon whose testimony he is charged, that he may be the better enabled to meet the accusation. This would have been as well accomplished by allowing the commonwealth's attorney to make the indorsement, as he offered to do, as if it had been done before the indictment was returned into court, and in our opinion the court erred in not permitting him to do so.

If, in consequence of not having previously known the names of the witnesses against him, the defendant was not ready for trial, it was in the power of the court to prevent injustice to him by allowing a continuance.

Judgment *reversed*, and cause remanded with directions to allow the attorney to indorse the names, as he offered to do; and if that be done, to overrule the motion to set aside the indictment, and if it be not done, to dismiss the indictment.

*Moss, for appellant. J. D. Lillard, for appellee.*